IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Michael L. Dye, | ) | Case No. 6:24-cv-05468-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Casey B., *Greenville Police Department, Shield #1113*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 13.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On December 3, 2024, the Magistrate Judge issued a Report recommending that the matter be summarily dismissed for failure to state a claim. [Doc. 13.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 8.] Plaintiff has filed no objections and the time to do so has lapsed.[*]

---

[*] As noted by the Magistrate Judge, it appears that Plaintiff was released from custody after pleading guilty in November 2024. [Doc. 13 at 1 n.1.] The Report was mailed to Plaintiff on December 3, 2024 [Doc. 14], and on December 16, 2024, both the Report and an Order of the Court were returned as undeliverable [Doc. 15]. In the returned Order, the Magistrate Judge directed Plaintiff to "immediately advis[e] the Clerk of Court in writing of [any] change of address." [Doc. 11 at 2.] Even though Plaintiff did not receive this Order by mail, the Court nonetheless finds that Plaintiff has had at least two months to notify the Court of his change of address after his release but has failed to do so.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference. Accordingly, this action is summarily DISMISSED with prejudice and without issuance and service of process.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 3, 2025
Greenville, South Carolina